HALL GRIFFIN LLP
HOWARD D. HALL, State Bar No. 145024
  *hdhall@hallgriffin.com*
VALERIE J. SCHRATZ, State Bar No. 272418
  *vschratz@hallgriffin.com*
JANE M. KUTEPOVA, State Bar No. 305254
  *jkutepova@hallgriffin.com*
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Movant and Party in Interest
Nationstar Mortgage LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>15439 National LLC,<br><br>       Debtor. | CASE NO. 18-51986<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION; DECLARATION OF VALERIE J. SCHRATZ**<br><br>DATE:    October 18, 2018<br>TIME:    1:00 PM<br>CRTRM.:  3020<br><br>JUDGE:   Hon. M. Elaine Hammond |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The instant petition was filed in an attempt to stop Movant and Party in Interest Nationstar Mortgage LLC ("Movant") from proceeding with a Motion for Summary Adjudication ("MSA") in *Nationstar Mortgage LLC v. 15439 National LLC et al.*, Santa Clara Superior Court Case No. 16CV292802 (the "Nonbankruptcy Action"). The MSA seeks to cancel Debtor 15439 National LLC's ("Debtor") interest in the real property known as 15439 National Ave., Los Gatos, CA 95032 (the "Property"), which appears to

Case No. 18-51986

MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION OF VALERIE J. SCHRATZ

Case: 18-51986    Doc# 18    Filed: 09/21/18    Entered: 09/21/18 15:42:07    Page 1 of 11

be its sole asset.  Having already obtained one continuance by claiming it needed to
conduct discovery, despite the fact the case has been pending for over two years and the
parties Debtor sought to serve discovery on had never been located, Debtor has turned to
bankruptcy to further delay the MSA.

Cause exists under 11 U.S.C. § 362 (d)(1) for relief from the automatic stay as
Debtor's filing was clearly done in bad faith to delay the MSA hearing rather than seek
legitimate business rehabilitation.  Cause further exists because judicial economy favors
the disposition of the Nonbankruptcy Action in the State Court.  The Nonbankruptcy
Action has been pending for over two years, the parties have exchanged discovery and are
weeks away from making progress on one of the major issues of the case: whether the
disputed instruments are subject to cancellation.  The State Court is best posed to hear the
state law claims and determine whether Debtor actually has title to the Property, which is
admittedly its principal asset and likely its only asset.

Accordingly, Movant respectfully requests relief to proceed with the
Nonbankruptcy Action in a nonbankruptcy forum.

## II.     FACTUAL BACKGROUND

### A.     The Nonbankruptcy Action

Debtor contends to have title to the Property by virtue of a Grant Deed signed by Asher Robertson the purported manager of Aurora Loan Services, a California Limited Liability Company ("CA Aurora") recorded on October 5, 2015.  *See Declaration of Valerie J. Schratz* ("*Schratz Decl.*"), Ex. 1 at ¶ 16 & Ex. C.  Debtor registered with the California Secretary of State a mere twenty-one days prior to the recordation of the Grant Deed and listed the Property as the LLC's address.  *See Schratz Decl.*, ¶ 3 & Ex. 2. Debtor's current status with the Secretary of State is suspended.  *Id*.

On March 16, 2016, Movant filed a Complaint against Debtor for Quiet Title, Cancellation of Instruments, Slander of Title and Declaratory Relief on the grounds that CA Aurora was a fraudulent entity who never held title to the Property.  *See Schratz Decl.*, ¶ 2 & Ex. 1.  In reality, title to the Property was held by Aurora Loan Services, a Delaware

LLC ("DE Aurora") and then purchased by Nationstar in April 2012. *See Schratz Decl.*, ¶ 2 & Ex. 1 at ¶¶ 10-13, Exs. 3-4. The Complaint seeks to cancel Debtor's Grant Deed from CA Aurora and subsequently recorded Deed of Trust as CA Aurora had no interest to convey to Debtor. *See Schratz Decl.*, ¶ 2 & Ex. 1.

On May 4, 2018, Movant filed the MSA as to the cause of action for Cancellation of Instruments against Debtor and Defendant Lucino Lujano, Debtor's purported manager according to the Deed of Trust and the agent who filed for bankruptcy on behalf of Debtor, set to be heard on July 19, 2018. *See Schratz Decl.*, ¶ 4; see Voluntary Petition, August 31, 2018, ECF No. 1  Movant's MSA is supported by, among other things, declarations from DE Aurora and Movant attesting to the history of the Property and the lack of affiliation between CA Aurora and DE Aurora. *See Id*, ¶ 4 & Exs. 3-4.

On June 27, 2018, Debtor moved to continue the MSA hearing on the grounds that it needed to conduct discovery as to defaulted defendants CA Aurora and its alleged manager, Asher Robertson. *See Id*, ¶ 5. Debtor's request was granted and the MSA was continued to September 6, 2018. *See Ibid.* Debtor did not conduct any additional discovery or file any opposition to the MSA. *See Ibid.* Instead, on August 31, 2018, six days before the continued MSA hearing and after the deadline to oppose had passed, Debtor filed the instant petition in pro per. *See* Voluntary Petition, August 31, 2018, ECF No. 1. As a result, the MSA was once again continued to October 30, 2018. *See Schratz Decl.,* ¶ 5.

B.     The Bankruptcy Case

On August 31, 2018, Debtor filed a voluntary petition in pro per for bankruptcy under Chapter 11. *See* Voluntary Petition, August 31, 2018, ECF No. 1. According to the petition, the Property is Debtor's principal asset. *See Id*, at No. 4. Debtor made no indication of why it is seeking relief under Chapter 11. *See Id*, at No. 8. Debtor also represented that it has no unsecured creditors and the sole creditors consist of Nationstar's attorney in the Nonbankruptcy Action and Eagle Home Loans. *See* 20 Largest Unsecured Creditors, August 31, 2018, ECF No. 2; *see* Creditor Matrix, August 31, 2018, ECF No. 3.

1  Debtor was ordered to file required documents by September 14, 2018. *See* Order
2  to File Missing Documents, September 4, 2018, ECF No. 5. Debtor failed to do so.
3  Facing an Order to Show Cause re: Dismissal for improperly filing in pro per, Debtor
4  retained counsel on September 17, 2018 and requested an extension to file the requested
5  documents. *See* Ex Parte Application by Debtor for an Extension of Time to File
6  Documents, September 17, 2018, ECF No. 15; *see also* Order Extending Time for Filing of
7  Documents, September 18, 2018, ECF No. 16.

## III. DISCUSSION

Filing for bankruptcy imposes an automatic stay against, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362 (a)(3). Under 11 U.S.C. § 362 (d)(1), a party in interest can obtain relief from the automatic stay upon a showing of cause. "'Cause' has no clear definition and is determined on a case-by-case basis." *In re Universal Life Church, Inc.*, 127 B.R. 453, 455 (E.D. Cal. 1991). "Cause" can include a debtor's bad faith in filing the bankruptcy and where judicial economy favors disposition in the nonbankruptcy forum. *See In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985) ; *see Matter of Little Creek Development Co.*, 779 F.2d 1068, 1073(5th Cir. 1986) .

"Determining whether the debtor's filing for relief is in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities." *Matter of Little Creek Development Co.*, 779 F.2d at 1072. Often several, but not all, of the following non-exclusive factors are present: (1) the debtor has one asset encumbered by the secured creditor; (2) there are no employees except for the principles; (3) the debtor has little to no cash flow and no available sources of income to sustain a plan or reorganization or to make adequate protection payments; (4) the debtor has few, if any, unsecured creditors; (5) the property faces foreclosure and debtor has been unsuccessful in defending actions against foreclosure or litigation has progressed to a stand-still and bankruptcy offers the only possibility of forestalling loss on the property; (6) there are sometimes allegations of

wrongdoing by the debtor or its principles and; (7) a one asset entity is create or revitalized on the eve of foreclosure, also known as "new debtor syndrome." *Id*, 1072-1073. In such cases, "[r]esort to the protection of the bankruptcy laws is not proper . . . because there is no going concern to preserve, there are no employees to protect, and there is no hope of rehabilitation, except according debtor's 'terminal euphoria." *Id*, 1073.

Here, several factors evidence Debtor's bad faith. Debtor likely has one asset, the Property that Movant seeks to obtain title to via the Nonbankruptcy Action. Debtor was created right before the purchase of the Property, named the LLC after the Property, listed the Property as the LLC's address and listed the Property as Debtor's principal asset in its bankruptcy petition. *See Schratz Decl.,* Ex. 1 at Ex. C; *see Id*, ¶ 3 & Ex. 2; *see* Voluntary Petition, August 31, 2018, ECF No. 1. Moreover, Debtor likely has little to no cash flow to sustain a plan or reorganization as Debtor's petition claims to have $0-50,000 in assets and $500,001-$1,000,000 in liabilities. *See* Voluntary Petition, August 31, 2018, ECF No. 1. Furthermore, Debtor has no unsecured creditors and has only listed two creditors: Movant, who is not a creditor, and Eagle Home Loans. *See* 20 Largest Unsecured Creditors, August 31, 2018, ECF No. 2; *see* Creditor Matrix, August 31, 2018, ECF No. 3. It appears Eagle Home Loans is also related to the Property as real property records do not show that Debtor owns any other real properties. *Schratz*, ¶ 6 & Ex. 5 at pg. 3. In sum, Debtor was created for the purposes of purchasing the Property and now turns to bankruptcy to shield its sole asset from an unfavorable ruling.

Having exhausted the potential delay tactics in the nonbankruptcy forum, bankruptcy offers the only resort for avoiding the unopposed MSA hearing that would cancel Debtor's Grant Deed to the Property. In *In re Siberkruas* 253 B.R. 890 (Bankr. C.D. Cal. 2000), the Central District discussed numerous cases to find that the "overall teaching" was that "two party disputes in state court . . . should be resolved through the normal litigation process in those forums and that it is bad faith to file bankruptcy instead of continuing with the normal litigation process in the nonbankruptcy forums." *Siberkruas*, 253 B.R. at 895. Debtor has ignored this principle and seeks to avoid normal

litigation process with this filing.[1] Not only has debtor used this forum to avoid litigation, but it also seems to be using this forum to avoid resolving its suspended status with the California Secretary of State which prevents it from having the legal capacity to defend itself. *See Schratz Decl.*, ¶ 3 & Ex. 2; *see* Cal. Corp. Code § 2205 [noting suspension revokes the corporation's "powers, rights and privileges"]; *see Casiopea Bovet*, *LLC v. Chiang*, 12 Cal.App.5th 656, 662 (2017). As such, the instant petition was filed in bad faith such that cause for relief to proceed in a non-bankruptcy forum exists.

Judicial economy favors litigation in the non-bankruptcy forum. The Nonbankruptcy Action has been pending for over two years with discovery being served by both sides and hearings approaching on both discovery motions and the MSA, which will address the important issue of whether Debtor's Grant Deed is subject to cancellation. *See Schratz Decl.* ¶¶ 2, 7; *In re Roger*, 539 B.R. 837, 851 (C.D. Cal. 2015) (noting that judicial economy is best served by allowing the State Court to proceed where the case is in an advanced stage). Given that the Property is Debtor's principal asset, judicial economy would be best served by permitting the State Court to determine whether, as Movant contends, the state law claims render Debtor's alleged interest void. *Roger*, 539 B.R. at 851-852. Therefore, judicial economy would be best served by granting Movant relief to proceed in the nonbankruptcy forum.

Accordingly, cause exists to justify relief to proceed with the Nonbankruptcy Action in the State Court under 11 U.S.C. § 362 (d)(1).

/ / /

/ / /

/ / /

/ / /

---

[1] Although the Nonbankruptcy Action technically involves more than two parties, it is essentially a two party dispute with Movant on the one hand and Debtor and its managing agent Lucino Lujano on the other hand. All other Defendants are defaulted. *Schratz Decl.* ¶ 2.

6

Case No. 18-51986

MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION OF VALERIE J. SCHRATZ

Case: 18-51986    Doc# 18    Filed: 09/21/18    Entered: 09/21/18 15:42:07    Page 6 of 11

## IV. CONCLUSION

For the reasons set forth herein, Movant respectfully requests relief to proceed with the Nonbankruptcy Action in a nonbankruptcy forum.

DATED: September 21, 2018          HALL GRIFFIN LLP

By: _____
Howard D. Hall
Valerie J. Schratz
Jane M. Kutepova
Attorneys for Movant Nationstar Mortgage LLC

# DECLARATION OF VALERIE J. SCHRATZ

I, Valerie J. Schratz, declare as follows:

1. I am an attorney at law duly licensed to practice before all of the courts in the State of California. I am an attorney with the law firm of Hall Griffin LLP, counsel of record for Movant / Party in Interest NATIONSTAR MORTGAGE LLC ("Nationstar"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Hall Griffin LLP is counsel of record for Nationstar in *Nationstar Mortgage LLC v. 15439 National LLC et al.*, Santa Clara Superior Court Case No. 16CV292802 (the "Nonbankruptcy Action"). Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint filed on behalf of Nationstar for Quiet Title, Cancellation of Instruments, Slander of Title and Declaratory Relief on the grounds that Aurora Loan Services, a California Limited Liability Company ("CA Aurora") was a fraudulent entity who never held title to the real property known as 15439 National Ave., Los Gatos, CA 95032 (the "Property"). Of the four named defendants, only Debtor and Lucino Lujano have appeared. Default has been entered against the remaining two defendants, Asher Robertson and CA Aurora. The Complaint asserts that title to the Property was held by Aurora Loan Services, a Delaware LLC and then purchased by Nationstar in April 2012. The Complaint seeks to cancel Debtor's Grant Deed from CA Aurora and subsequently recorded Deed of Trust as CA Aurora had no interest to convey to Debtor.

3. Attached hereto as **Exhibit 2** is a true and correct of the Entity Details, Registration, Amendment and SI-Complete available for 15439 National LLC via the California Secretary of State's website, https://businesssearch.sos.ca.gov.

4. On May 4, 2018, Movant filed a Motion for Summary Adjudication in the Nonbankruptcy Action (the "MSA") as to the cause of action for Cancellation of Instruments against Debtor and Defendant Lucino Lujano, Debtor's purported manager according to the Deed of Trust and the agent who filed for bankruptcy on behalf of Debtor, set to be heard on July 19, 2018. Movant's MSA is supported by, among other things,

declarations from DE Aurora and Movant attesting to the history of the Property and the lack of affiliation of CA Aurora to DE Aurora. True and correct copies of these declarations, exclusive of exhibits, are attached hereto as **Exhibit 3** and **Exhibit 4**.

5. On June 27, 2018, Debtor moved to continue the MSA hearing on the grounds that it needed to conduct discovery as to defaulted defendants CA Aurora and its alleged manager Asher Robertson. Debtor's request was granted and the MSA was continued to September 6, 2018. Debtor did not conduct any additional discovery or file any opposition to the MSA. Debtor's opposition to the MSA was due on or before August 23, 2018. No opposition was filed on or before August 23, 2018. On September 6, 2018, the MSA was again continued to October 30, 2018 as a result of this bankruptcy filing.

6. Attached hereto as **Exhibit 5** is a true and correct of the Company Investigation Report regarding Debtor obtained by my office from Westlaw on September 20, 2018.

7. In the Nonbankruptcy Action, the parties have exchanged discovery, and Nationstar has four motions to compel currently set to be heard on November 13, 2018 and November 15, 2018.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed September 21, 2018, in Santa Ana, California.

_____
VALERIE J. SCHRATZ

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1851 East First Street, 10th Floor, Santa Ana, CA 92705-4052.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION; DECLARATION OF VALERIE J. SCHRATZ** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 21, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Dean Lloyd
Law Offices of Dean Lloyd
425 Sherman Ave. #330, Palo Alto, CA 94306
(650)328-1664; dlloyd.legaljaws@gmail.com

Marta Villacorta
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153, San Francisco, CA 94102
(415) 252-2062; marta.villacorta@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY OVERNIGHT MAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 21, 2018**, I served the following persons and/or entities by overnight mail service as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable M. Elaine Hammond
U.S. Bankruptcy Court
280 South First Street, Room 3035,
San Jose, CA 95113

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 21, 2018 | Carina Arreola Gallardo | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |